Lorene E. KANE, Administratrix of the Estate of Edward J. Kane, Deceased, Appellant,

v.

The EMPLOYERS LIABILITY ASSURANCE CORPORATION, Limited, Norman Stephen, Jr., a minor, Norman Stephen, Sr., Earl Schott, Inc., Margaret Van Liere and Ellis Shamel, Appellees.

No. 13289.

United States Court of Appeals
Sixth Circuit.
Feb. 19, 1958.

of the collision Norman Stephen, Jr., was not operating the automobile "in connection with" the business purpose of Earl Schott, Inc. The automobile dealer had not given Norman Stephen, Sr., possession of the car for the purpose of trying to sell it to him. The sale had already been fully agreed upon and all of its terms settled.

The judgment is affirmed.

Edward J. Utz, Marvin Kleinman, Cincinnati, Ohio, on brief, for appellant.

Rendigs, Fry & Kiely, Cincinnati, Ohio, on brief, for appellee.

Before ALLEN, McALLISTER and STEWART, Circuit Judges.

PER CURIAM.

This is an appeal from a declaratory judgment holding that a liability insurance policy issued to Earl Schott, Inc., did not obligate the insurer with respect to claims against Norman Stephen, Sr., or Norman Stephen, Jr., growing out of a collision on June 12, 1955, in which an automobile was involved which the latter was driving. The judgment was rendered upon stipulated facts.

Earl Schott, Inc., was an automobile dealer, and at the time of the collision the Ohio certificate of title to the vehicle in question was in Schott's name. A sale of the car to Norman Stephen, Sr., had been negotiated, however, and Schott had delivered possession of it to him. Stephen had made a small down-payment toward the purchase price, and arrangements had been made for extension of credit on the balance. Stephen had signed a note and chattel mortgage.

We perceive no error in the judgment of the district court. It appears that under Ohio law "ownership" of the automobile was in Earl Schott, Inc. Garlick v. McFarland, 1953, 159 Ohio St. 539, 113 N.E.2d 92; Mielke v. Leeberson, 1948, 150 Ohio St. 528, 83 N.E.2d 209, 7 A.L.R. 2d 1342; cf. Workman v. Republic Mut. Ins. Co., 1944, 144 Ohio St. 37, 56 N.E.2d 190. It is clear, however, that at the time